**In the Matter of an Application for Disclosure of the Records of the Probation Investigation and Supervision Conducted Pursuant to an Order of the United States District Court for the Southern District of New York Under Docket Number 83 CR 145 (CLB) of Peter Hein HORSFORD.**

**No. M–29.**

United States District Court,
S.D. New York.

Nov. 21, 1988.

**464**

Hillel Bodek, New York City, pro se.

## MEMORANDUM AND ORDER

BRIEANT, Chief Judge.

Petitioner, a certified social worker in the State of New York engaged in the private practice of clinical social work, psychotherapy and forensic clinical social work, seeks disclosure of the records of the Presentence Investigation Report and of the probation supervision conducted pursuant to the Order of this Court under a judgment of conviction entered on May 12, 1983, in *United States v. Peter Hein Horsford*, 83 Cr. 145–CLB.

In that case, Mr. Horsford was convicted by judgment entered May 12, 1983 on his plea of guilty for two counts of violation of Title 18 U.S.C. Section 656, involving embezzlement from a federally insured bank. He was sentenced to a term of incarceration of one year and one day on Count 1, and placed on probation on Count 2 for a term of five years to commence upon completion of the prison sentence.

In support of his application, petitioner states that he wishes to review the information in his capacity as the Court's expert in conducting a pre-pleading mental health evaluation of Horsford, pursuant to an order of the Honorable Peter McQuillan, Justice of the Supreme Court of the State of New York, proceeding under a subsequently filed New York County felony indictment number 4394/88.

The application was consented to by the present attorney for Mr. Horsford, and also by the District Attorney of New York County.

While this Court recognizes the reputation for a high level of professionalism enjoyed by petitioner, and understands that he offers to maintain his copy of these probation records under the confidentiality provisions of Article 390 of the Criminal Procedure Law of the State of New York, and to return them to the District Court when the state proceedings are through, we think nevertheless on balance, that the application should be, and it hereby is, denied, without prejudice to the right of petitioner to engage in a professional consultation with our Chief Probation Officer to ascertain his professional opinion, to the extent petitioner wishes to avail himself of this opportunity.

Our Court of Appeals in *United States v. Charmer Industries*, 711 F.2d 1164 (2d Cir.1983) (*"Charmer I"*), has pointed out that the United States Probation Service in preparing such matters as presentence investigation reports acts as an arm of the Court, and that the presentence report and those documents generated in the course of supervision of a probationer thereunder are and should be used by others, including even non-judicial federal agencies, only with permission of the Court. *Id.* at 1170.

These reports, prepared by the Probation Service for use by the District Court in sentencing a defendant in a criminal case, contain information from a variety of sources. The report may contain hearsay statements, or information bearing no relationship to the crime for which the defendant is being sentenced, and often contain information that is disclosed to the probation officer in confidence. Thus, as other courts have held, requiring disclosure of a presentence report is contrary to the public interest as it may adversely affect the sentencing court's ability to obtain data on a confidential basis from the accused, and from sources independent of the accused, for use in the sentencing process. *Charmer I*, 711 F.2d at 1171 (citations omitted).

In setting guidelines for probation officers conducting presentence investigations, the Administrative Office of the United

States Courts has advised that, except as allowed by Rule 32(c) Fed.R.Crim.P., which permits disclosure of the report to the defendant, his attorney, and the prosecutor, there should be no disclosure of presentence reports without the approval of the Court. *See generally*, Administrative Office of the U.S. Courts, *The Presentence Investigation Report*, Publication 105 (Revised 1984 ed.) ("Probation Monograph") (issued after the *Charmer* opinions). This precaution is particularly important where the report's release is sought for prosecutorial purposes.

> "Prosecutorial use of a presentence report is incompatible with the purpose of the report as a sentencing and correctional tool. Candor and openness on the part of the report's primary source, the defendant, may be stifled if the report is available for subsequent prosecutorial or investigative use."

Probation Monograph, at 3.

Aside from the importance of ensuring the availability to the court of as much information as possible to assist in sentencing, a ban on disclosure is necessary to protect against the potential recurrence of a situation such as that which necessitated *Charmer II*, 722 F.2d 1073 (2d Cir.1983), in which the contents of a presentence investigation report which had been mistakenly released to the Arizona Attorney General's Office appeared on the front page of the *Arizona Republic*.

For essentially the reasons set forth by the Court of Appeals in the *Charmer* opinions, and because if we descend further on the slippery slope of disclosure, we may inhibit the ability of the Probation Officer to accomplish his mission, this Court concludes that the demonstrated need for disclosure here, while it exists, is not sufficiently compelling to balance the desirability of continued confidentiality of the reports.

The application is denied.

So Ordered.